# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

In the Matter of

**K & K HOLDINGS, LLC,**                                 **Case No.: 12-23916**

                                    **Debtor.**          **Chapter 11 Proceedings**
                                                         **Judge Pamela S. Hollis**

## NOTICE OF FINAL APPLICATION FOR ALLOWANCE AND PAYMENT OF FEES AND EXPENSES OF KERKMAN & DUNN

To:     Interested Parties

**PLEASE TAKE NOTICE** that on **June 24, 2014, at 10:00 a.m.**, or as soon thereafter as counsel may be heard, the undersigned will appear before the Honorable Pamela S. Hollis, in courtroom 644 of the United States Bankruptcy Court, Northern District of Illinois – Eastern Division, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, or before such other Judge as then may be sitting in her place, and shall then and there present the FINAL APPLICATION FOR ALLOWANCE AND PAYMENT OF FEES AND EXPENSES OF KERKMAN & DUNN.

Dated: June 3, 2014.

                              */s/ Justin M. Mertz*
                              Justin M. Mertz
                              Jerome R. Kerkman
                              Kerkman & Dunn

P.O. Address:                 Attorneys for the Debtor,
                              K & K Holdings, LLC
757 N. Broadway, Suite 300
Milwaukee, WI 53202-3612
Phone: 414.277.8200
Facsimile: 414.277.0100
Email: jmertz@kerkmandunn.com

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

In the Matter of

**K & K HOLDINGS, LLC,**                         **Case No.: 12-23916**

                              **Debtor.**                         **Chapter 11 Proceedings**
                                                                          **Judge Pamela S. Hollis**

## COVER SHEET FOR THE FINAL APPLICATION FOR ALLOWANCE AND PAYMENT OF FEES AND EXPENSES OF KERKMAN & DUNN

NAME OF APPLICANT:          Kerkman & Dunn

NAME OF CLIENT:          K & K Holdings, LLC

LAST INTERIM PERIOD:          March 8, 2014 through May 22, 2014

TOTAL PERIOD COVERED:          April 12, 2012 through May 22, 2014.

TYPE OF APPLICATION:          _____ Monthly   _____ Interim   __X__ Final

Justin M. Mertz
Katie L. Mayer
Kerkman & Dunn
757 N. Broadway, Suite 300
Milwaukee, WI 53202
Phone:  414.277.8200
Facsimile:  414.277.0100
Email:  jmertz@kerkmandunn.com

## SECTION I: FEE SUMMARY

|  | **To Date** | **Current Period** |
|---|---|---|
| Total Fees Requested: | $325,542.25 | $14,000.25 |
| Total Disbursements Requested: | $14,059.51 | $174.14 |
| Total Fees Previously Allowed: | $311,542.00 | n/a |
| Total Disbursements Previously Allowed: | $13,885.37 | n/a |
| Total Cumulative Previously Received by Applicant: | $325,427.37 | n/a |
| Total Fees and Disbursements to be Paid: | $14,174.39 | $14,174.39 |

## SECTION II: EXPENSE SUMMARY

|  |  | **TOTAL EXPENSE CHARGED** |
|---|---|---|
| a. | Photocopying | $44.58 |
| b. | Postage | $45.12 |
| c. | Telephone | $29.44 |
| d. | Travel | $55.00 |

| SECTION III: ATTORNEY/PARALEGAL SUMMARY | | | | |
|---|---|---|---|---|
| **Name of Attorney/Paralegal** | **Yr. Admitted to Practice** | **Hours Billed** | **Hourly Rate** | **Total** |
| **Partner** | | | | |
| Jerome R. Kerkman (JRK) | 1984 | 1.5 | $325.00 | $487.50 |
| | | 1.6 | $162.50 | $260.00 |
| **Associates** | | | | |
| Joseph R. Cincotta (JRC) | 1994 | 6.1 | $295.00 | $1,799.50 |
| Justin M. Mertz (JMM) | 2008 | 28.9 | $255.00 | $7,369.50 |
| | | 6.5 | $127.50 | $828.75 |
| | | 0.7 | $0.00 | $0.00 |
| Kathryn L. Mayer (KLM) | 2011 | 9.8 | $210.00 | $2,058.00 |
| | | 5.0 | $105.00 | $525.00 |
| Gregory M. Schrieber (GMS) | 2011 | 3.2 | $210.00 | $672.00 |
| **Paralegals** | | | | |
| Law Clerk (KF) | N/A | 0.3 | $0.00 | $0.00 |
| **Total Hours and Fees** | | 63.6 | | $14,000.25 |
| **Total Blended Hourly Rate** | | $220.13 | | |

3

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

In the Matter of

**K & K HOLDINGS, LLC,**                              **Case No.: 12-23916**

                                        **Debtor.**                    **Chapter 11 Proceedings**
                                                         **Judge Pamela S. Hollis**

## FINAL APPLICATION FOR ALLOWANCE AND PAYMENT OF FEES AND EXPENSES OF KERKMAN & DUNN

Kerkman & Dunn ("K&D"), as general bankruptcy counsel to K & K Holdings, LLC ("Debtor"), applies for final allowance and payment of its fees and expenses ("Final Application") as follows:

|  | Fees | Expenses | Total |
|---|---|---|---|
| April 12, 2012 through July 31, 2012: | $49,014.00 | $1,817.09 | $50,831.09 |
| August 1, 2012 through December 15, 2012: | $73,194.75 | $2.825.43 | $76,020.18 |
| December 15, 2012 through April 30, 2013: | $42,874.75 | $1,749.95 | $44,624.70 |
| May 1, 2013 through August 31, 2013: | $88,015.75 | $5,257.27 | $93,273.02 |
| September 1, 2013 through March 7, 2014: | $59,489.00 | $2,235.63 | $61,724.63 |
| March 8, 2014 through May 22, 2014: | $14,000.25 | $174.14 | $14,174.39 |
| **Total for the Debtor's Case:** | **$325,542.25** | **$14,059.51** | **$339,601.76** |

Fees and expenses incurred prior to March 8, 2014 have been approved on an interim basis as stated above. (*See* "Interim Orders," filed as Docket Nos. 128, 169, 184, 244, 287, and 310.) The approved interim fees and expenses were discussed in K&D's interim fee applications filed as Docket Nos. 50, 101, 156, 228, 272, and 308. K&D refers the Court and interested

parties to the interim applications for details of those billing periods.  Copies of those exhibits as well as the exhibits to this Final Application are available upon request.

At this time, K&D requests approval of the additional fees and expenses from March 8, 2014 through May 22, 2014 ("Fee Period").  During the Fee Period, K&D expended 63.6 professional hours (which includes 1.0 hour of work billed at no charge and 13.1 hours of work billed at 50% of the normal billable rate.)  K&D also requests *final* approval of all fees and expenses previously awarded on an interim basis.  In support of the Final Application, K&D states:

### *Jurisdiction*

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(a) and 157(a), and the order of reference filed in this district entered pursuant to § 157(a).

2.      Venue of this proceeding is proper in this District and before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A) as a matter concerning the administration of the Debtor's estate.

### *General Background*

4.      On April 12, 2012, the Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code ("Code").  An order for relief was entered on the same day.

5.      The Debtor is continuing to operate its business and manage its affairs as a debtor-in-possession, pursuant to §§ 1107(a) and 1108 of the Code.

6.      No official committee of unsecured creditors has been appointed in the Debtor's case.

7.      The Debtor filed its application to employ K&D as its general bankruptcy counsel on April 13, 2012.  (Docket No. 6 in Case No. 12-24848.)  On May 23, 2012, the Court entered an order authorizing the Debtor to employ K&D pursuant to § 327 of the Code.  (Docket No. 65 in Case No. 12-24840.)

### Previous Fee Applications

8.      K&D has filed five previous fee applications.  The first interim application was filed as Docket No. 50, which was amended and re-filed as Docket No. 101.  It was approved by the Court.  (*See* Docket No. 128.)  The second interim fee application was filed as Docket No. 156.  That fee application was approved by the Court.  (*See* Docket Nos. 169 & 184.)  The third interim application was filed as Docket No. 228 and was approved by the Court.  (*See* Docket No. 244.)  The fourth interim application was filed as Docket No. 272 and was approved by the Court.  (*See* Docket No. 287.)  The fifth interim application was filed as Docket No. 308 and was approved by the Court.  (*See* Docket No. 310.)

9.      From the prior five fee applications, K&D has been paid a total of $311,542.00 for fees and $13,885.37 for expenses incurred in its representation of the Debtor during these chapter 11 proceedings.

### Summary of Services Provided

10.      As is reflected in the Fee and Expense Summary Cover Sheet ("Cover Sheet"), the use of which is recommended by the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under § 330 ("Guidelines") adopted by the Executive Office of the United States Trustees, K&D rendered 63.6 hours of legal services in the representation of the Debtor during the Fee Period.  Based on the nature of the services rendered, the time required, the value of the services to the Debtor and the estate, and the cost of

3

comparable services other than in a case under the Bankruptcy Code, the compensation for these

services should not be less than $14,000.25.  This total represents 63.6 hours of K&D attorney

and paralegal time at an average hourly rate of $220.13.  The hourly rate for each attorney and

paralegal that performed services for the Debtor is set forth in the Cover Sheet.

11.     Some of the time spent was billed at 50% or 0% of the customary rate.  This

reflects discounts for time spent traveling to and from hearings and for completing work where

billing at the full rate would be inappropriate.

12.     Below is a summary, classified by particular categories, of the services performed

and compensation requested during the Fee Period.  Detailed descriptions of the hours, services

provided, and dates of the services are attached as Exhibits B – E.  A chronological list of all

services provided is attached as **Exhibit A**.  A listing of all disbursements/expenses is attached as

**Exhibit F**.

(a)     *Case Administration.*  $1,601.00; 7.6 hours; 11.8% of total fees requested.  This

category includes general case administrative matters for which there is no other specific

category, including reviewing and preparing U.S. Trustee operating reports, responding to

general motions and issues in the chapter 11 case, assisting the Debtor in its business operations,

and reporting to the client on the status of the case.  Detailed descriptions of the services

provided in this category are listed on the attached **Exhibit B**.

(b)     *Plan Confirmation/Briefing & Negotiations*.  $8,071.75; 39.1 hours; 59.4% of

total fees requested.  This relates to analysis, negotiating, sketching out, drafting, and other work

toward the preparation and approval of a plan and disclosure statement.  It also includes time

spent negotiating with creditors to comply with agreements detailed within the plan as well as

preparing for and attending the hearing on confirmation of the plan.  Further, it includes post-

4

confirmation briefing on the plan and continued discussions with creditors over the final weeks leading up to plan confirmation.  Descriptions of the services provided in this category are listed on the attached **Exhibit C**.

(c)      *Business Operations/Tenants*.  $2,469.50; 8.7 hours; 17.6% of total fees requested.  This category includes time spent assisting the Debtor with its business operations, namely dealing with tenants on the Debtor's properties.  Detailed descriptions of the services provided in this category are listed on the attached **Exhibit D**.

(d)      *Fee Application*.  $1,858.00; 8.2 hours; 13.7% of total fees requested.  This category includes time spent preparing the fifth interim and final fee applications.  This includes reviewing monthly invoices and attending fee application hearings.  It also includes time spent assisting other professionals with fee applications.  This amount seems high in relation to the relatively small amount of remaining fees requested in this case; however this is because time for two fee applications (the fifth and the final) are included on the tail end of this case, and the overall remaining fees sought is small in relation to the overall case.  Detailed descriptions of the services provided in this category are listed on the attached **Exhibit E**.

### *Legal Standards*

13.      Section 330(a) provides that the Court may award:

(1)      reasonable compensation for actual, necessary services rendered by such . . . professional person . . . and by any paraprofessional person employed by such . . . professional person . . . based on the nature, the extent, and the value of such services, the time spent on such services and the cost of comparable services other than in a case under this title; and

(2)      reimbursement for actual, necessary expenses.

14.     A debtor's attorney is entitled to reimbursement for services that promote the bankruptcy process in accordance with the provisions of the Code.  K&D's time spent on the Debtor's case has furthered the reorganization process and has resulted in a confirmed plan of reorganization.

15.     The lodestar method is customarily the primary, but not exclusive, method of calculating appropriate fees.  *See In re Hutter Construction Co., Inc.*, 126 B.R. 1005, 1010-1011 (Bankr. E.D. Wis. 1991).  It is generally the starting point, which multiplies an hourly rate by the number of hours worked.  From the initial lodestar amount, the Court reviews the *Johnson* factors.[1]  *Id.* at 1021.

16.     In utilizing the lodestar method, the total hours spent during the Fee Period were 63.6.  The total compensation sought is $14,000.25.  The result is a blended rate of $220.13 per hour.  A detailed breakdown showing the reasonableness of the hours expended is being provided in Exhibits A – E.  The detailed breakdowns are summarized in paragraph 12 of this Final Application and its subparagraphs.  The hourly rate charged for professional time ranges from $210.00 to $325.00 per hour.  K&D believes that these rates are on the low end of the reasonable range of fees in the Milwaukee and Chicago areas for comparable legal services.

17.     In reviewing the *Johnson* factors, K&D's request for compensation should not be adjusted:

a.     *The Time and Labor Required*.  The hours expended were necessary for the administration of the Debtor's estate.

b.     *The Novelty and Difficulty of the Issues*.  The issues presented in this case were not necessarily novel or difficult.  This factor does not impact the fee.

---

[1] *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974).

c.      *The Skill Required*.  K&D believes that the skill required of it was high and that the firm has provided extremely skilled representation.

d.      *Preclusion of Other Employment*.  The demands of properly handling this case have not required K&D to avoid other work.  This should not affect the compensation requested.

e.      *Customary Fee*.  The hourly rate is the amount K&D customarily charges and it is consistent with, or below, market rates in the Milwaukee and Chicago areas.

f.      *Whether the Fee is Fixed or Contingent*.  The fee charged was hourly.  This should not affect the compensation requested.

g.      *Time Limitations Imposed*.  There was no particularly stringent time limitation imposed.  This should not affect the compensation requested.

h.      *Amount Involved and Results Obtained.*  The stakes for the Debtor are great and include the ongoing viability of the business.  K&D has assisted the estate in effectively reaching a successful reorganization.

i.      *The Experience, Reputation, and Ability of the Attorneys.*  We believe that our experience, reputation, and ability are excellent.

j.      *The Undesirability of the Case*.  The Debtor's case has various moving parts and is more complex than most real estate cases its size due to the number of secured lenders involved; however, the case was not necessarily undesirable and this factor should not likely impact the fee.

k.      *The Nature and Length of Relationship*.  K&D never represented the Debtor before being consulted regarding this case.

l.      *Awards in Similar Cases*.  Given the result of the confirmed plan, K&D believes the total amount requested is lower than what has been requested in comparable cases.

7

m.     K&D submits that a similar analysis with any of the other recognized methods of fee computation would likewise support the amount of compensation requested.

### Summary of K&D Assistance

18.     K&D has assisted the Debtor in its chapter 11 proceedings for over 2 years.  K&D has successfully defended the Debtor against motions for relief from nearly every secured creditor, negotiated to resolve millions of dollars of claims against the Debtor, drafted and presented a Plan of Reorganization and Disclosure Statement, litigated at a two-day trial on Confirmation, presented briefing on the Plan post-confirmation, and eventually resolved all remaining issues with the Debtor's principal lender, Inland Bank (now Spirit Lake) in the form of a consensual Plan that has been approved by the Court.  All of the work K&D has done for the Debtor has been necessary for the Debtor's reorganization efforts, which have resulted in a very beneficial, consensual Plan.

### Required Statements and Disclosures

19.     No agreement or understanding exists between K&D and any other person for a sharing of compensation received or to be received for services render in or in connection with the Debtor's chapter 11 case nor shall K&D share or agree to share the compensation paid or allowed from the Debtor's estate for such services with any other person.

20.     The foregoing constitutes the statement of the applicant, K&D, pursuant to § 504 of the Code and Fed. R. Bankr. P. 2016(a).

21.     No agreement or understanding prohibited by 18 U.S.C. § 155 has been or will be made by K&D.

22.     Pursuant to § 330 of the Bankruptcy Code, K&D is entitled to file this Final Application for compensation and reimbursement of expenses and disbursements.

### *Conclusion*

For the reasons stated, K&D requests that (i) its remaining fees of **$14,000.25** and

expenses of **$174.14**, a total of **$14,174.39** be approved and allowed; (ii) its total fees of

**$325,542.25** and expenses of **$14,059.51** be allowed on a ***final*** basis; (iii) the Court authorize the

Debtor to pay the balance of **$14,174.39** requested from the Debtor's operating accounts; and

(iv) the Court grant such other relief as may be just.

Dated: June 3, 2014.

/s/ Justin M. Mertz
Justin M. Mertz
Kerkman & Dunn

Applicant & Attorneys for the Debtor,
K & K Holdings, LLC

P.O. Address:

757 N. Broadway, Suite 300
Milwaukee, WI 53202-3612
Phone:  414.277.8200
Facsimile:  414.277.0100
Email:  jmertz@kerkmandunn.com